UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVANSTON INSURANCE COMPANY,

            Plaintiff,

vs.                              Case No.  2:06-cv-399-FtM-29SPC

WCI COMMUNITIES, INC.,

            Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant's Dispositive Motion to Dismiss (Doc. #9), filed on November 20, 2006.  Plaintiff filed an Opposition (Doc. #11) on November 30, 2006.  Also before the Court is plaintiff's Motion for Judicial Notice of State Court Order (Doc. #13) and defendant's Response (Doc. #14) thereto.

**I.**

As a preliminary matter, the Court will grant plaintiff's Motion for Judicial Notice of State Court Order (Doc. #13) to the extent the Court will take judicial notice of the existence of the state court order.  The Court finds, however, that this does not render defendant's motion to dismiss moot.

**II.**

On July 22, 2005, WCI Communities, Inc. (WCI) filed a Complaint against Evanston Insurance Company (Evanston) in the Circuit Court in and for Lee County, Florida.  This state court complaint alleged the existence of a 2002 Commercial General

Liability insurance policy (the 2002 Policy) and a 2003 Commercial General Liability insurance policy (the 2003 Policy) issued by Evanston in favor of WCI which covered defective construction at the Portofino at Hammock Dunes Condominium in Palm Coast, Florida (the Portofino project).  The three-count complaint sought a declaratory judgment that under the 2002 and 2003 Policies Evanston must pay WCI's claim for damages resulting from defective construction at the Portofino project, and damages for breach of the 2002 and 2003 Policies by failing to indemnify/defend WCI for the defective construction at the Portofino project.  <u>See</u> Case No. 2:06-cv-281-FTM-29DNF, Doc. #13.

On June 7, 2006, defendant Evanston removed the state court case concerning the Portofino project to federal court, and filed an Answer, Affirmative Defenses, and Counterclaim for Declaratory Relief.  (Case No. 2:06-cv-281-FTM-29DNF, Doc. #3.)  The declaratory judgment Counterclaim sought a declaration of rights and responsibilities under four General Liability Coverage policies for years 2000, 2001, 2002, and 2003 concerning eight WCI projects, located at Emerald Isle Punta Condo Association, Sienna at Deering Bay, Norman Estates, Bay Colony Golf Club, Pelican Sound Golf and River Club, Bay Colony Florida, Mariposa Condo Owners Association, and Harbour Link Condo.  On July 26, 2006, the undersigned remanded this case to state court (Doc. #19).

On August 7, 2006, now back in state court, Evanston voluntarily dismissed its Counterclaim.  This left only the Portofino claim filed by WCI pending in state court.

On August 8, 2006, Evanston filed a Petition for Declaratory Relief (Doc. #1) in federal court seeking declaratory relief with regard to its duty to indemnify/defend WCI under Commercial General Liability Coverage policies issued to WCI in 2000, 2001, 2002, and 2003 for the following nine projects: Emerald Isle Punta Condo Association, Sienna at Deering Bay, Norman Estates, Bay Colony Golf Club, Pelican Sound Golf and River Club, Bay Colony Florida, Mariposa Condo Owners Association, Harbour Link Condo, and the Preserve.  On October 13, 2006, Evanston filed an Amended Petition for Declaratory Relief (Doc. #6) to add claims for five additional projects, namely Bellavista at Gulf Harbour Yacht and Country Club, Harbour Landings, The Pointe at Jupiter Yacht Club, Topaz Cove Condominium at Burnt Store Marina, and Verona at Deering Bay, to the claim.  The Amended Petition for Declaratory Relief is the operative pleading in the current federal case, and includes claims concerning fourteen (14) projects but does not include any claim relating to the Portofino project.

In the state court, effective November 8, 2006, WCI was granted leave to file an Amended Complaint adding ten projects to the state Portofino case. Projects which are included in the federal case but not the state court case are Bay Colony, Bay Colony Florida, Norman Estates, and the Preserve.  On March 20,

2007, the state court stayed all causes of action in the Amended Complaint except as to the claim involving the Portofino project.

### III.

WCI asks the Court to utilize its discretion to abstain from exercising jurisdiction over the federal action, and to dismiss the federal case with prejudice, in favor of the pending state case. WCI relies primarily upon the decisions in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976), <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1 (1983), <u>Brillhart v. Excess Ins. Co.</u>, 316 U.S. 491 (1942), and the guidelines provided in <u>Ameritas Variable Life Ins. Co. v. Roach</u>, 411 F.3d 1328 (11th Cir. 2005).

The discretionary standard set forth in <u>Brillhart</u> controls over the "exceptional circumstances" test developed in <u>Colorado River</u> and <u>Moses H. Cone</u>. <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286-87 (1995). Thus, a federal court has the competence to make a declaration of rights, but does not have the duty to do so. <u>Brillhart</u>, 316 U.S. at 494. The factors identified in <u>Ameritas</u> provide guidelines for the exercise of the Court's discretion.[1]

---

[1] The factors, which are "merely guideposts," are:  (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise
(continued...)

The Court, in the exercise of its discretion, will exercise its diversity jurisdiction in this case. Claims involving the fourteen projects now before the Court were first brought in federal court by Evanston. The Portofino project claim, currently proceeding in state court, is not part of the federal declaratory action, and there is no reason to allow WCI's choice of forum as to one project to override Evanston's choice of forum as to fourteen projects. The state court case does not include all of the projects which comprise the federal action, since the Amended Complaint omits four projects named in the federal Amended Complaint. Even if the legal issues are the same, which the parties dispute, there are clearly different facts underlying the issues as to each project. All of the parties are before the Court in the federal action. While Florida law will undoubtedly control substantive matters, this is the norm in these types of declaratory actions filed in federal court and there is no indication that any particular issue creates an unusually strong state interest in

---

[1](...continued)
not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Roach, 411 F.3d at 1331.

having the issues decided by a state court. While there has been an issue identified which is unresolved by the Florida Supreme Court, that issue is currently pending before that court. Thus, a federal district court is in no different position than a state circuit court – both must wait for the decision or predict the outcome of that case. None of the remaining factors, in the Court's view, suggest a legitimate basis to abstain.

Accordingly, it is now

**ORDERED**:

1. Defendant's Dispositive Motion to Dismiss (Doc. #9) is **DENIED**.

2. Plaintiff's Motion for Judicial Notice of State Court Order (Doc. #13) is **GRANTED** to the extent that the Court will take judicial notice of the Order, and is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of May, 2007.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record